**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ACCESS FOR THE DISABLED, INC., and
DENISE PAYNE,

                      **Plaintiffs,**

-vs-                                                  Case No. 6:09-cv-1805-Orl-31GJK

OSCEOLA ENTERPRISES OF KISSIMMEE,
INC.,

                      **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AFTER DEFAULT, AND VERIFIED APPLICATION FOR ATTORNEY FEES, COSTS, EXPERT FEES AND LITIGATION EXPENSES AND AND [SIC] MEMORANDUM OF LAW IN SUPPORT (Doc. No. 13)** |
| **FILED:** | **April 14, 2010** |
| | **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED in part** and **DENIED in part**. |

**I.    BACKGROUND**

    On October 23, 2009, Access for the Disabled, Inc. ("ADI") and Denise Payne ("Payne") (collectively, the "Plaintiffs") filed a complaint ("Complaint") against Osceola Enterprises of Kissimmee, Inc. ("Defendant") alleging that Defendant is in violation of Title III of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*. and the Florida Accessibility Code ("FAC"). Doc. No. 1. The Complaint alleges that Payne is disabled under the ADA and has encountered architectural barriers at the Defendant's property, Super 8 Motel, 1815 W. Vine Street, Kissimmee, Florida, 34741. *Id.* at 1-2. Plaintiffs allege the following violations:

**Entrance Access and Path of Travel**

1. There are no accessible routes from the street, sidewalk and parking areas. These are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG [ADA Accessibility Guidelines for Buildings and Facilities] whose resolution is readily achievable.
2. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.
3. There are ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.8.2 and 4.8.6 of the ADAAG whose resolution is readily achievable.
4. There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.
5. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.
6. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable.
7. There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG.

**Access to Goods and Services**

1. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.
2. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.
3. There are rises at the thresholds of entrances at the facility in excess of ½ of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG.
4. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.

### Restrooms

1. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.
2. There are dispensers provided for public use in the restrooms, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.
3. Some of the restrooms do not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.
4. Some of the restrooms do not provide the required door hardware violating the provisions of the ADAAG whose resolution is readily achievable.
5. The rooms designated for disabled use do not provide a roll-in shower for use by the disabled, violating Section 9 of the ADAAG.
6. There are rooms for public lodging at the facility without the required disabled use elements, there are no roll in showers in violation of several Sections of the ADAAG.

*Id.* at 4-5. Plaintiffs maintain that "Defendant has discriminated against [Payne] and members of [ADI] by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings . . ." *Id.* at 3-4. ¶ 9. Plaintiffs seek a declaratory judgment that Defendant is in violation of the ADA and FAC. *Id.* at 8. Plaintiff requests injunctive relief, which includes:

> an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops [sic] that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently when other individuals because of the absence of auxiliary aids and services.

*Id.* at 8. Plaintiff also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 12205.

*Id.*

On October 23, 2009, Defendant was served with a copy of the summons and Complaint. Doc. No. 8. On February 2, 2010, Plaintiffs moved for entry of default, which the clerk entered against the Defendant. Doc. Nos. 9, 10.[1] On April 14, 2010, Plaintiffs filed a Motion for Entry of Judgment after Default, and Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses (the "Motion"). Doc. No. 13.[2] Plaintiffs seek the entry of judgment against Defendant, "enjoining it from discriminating against individuals with disabilities, closing the subject facilities until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA, and awarding Plaintiffs their attorneys' fees, expenses and costs incurred in this action in the amount of $18,439.29." *Id.* at 16-17.[3] Plaintiff's counsel, Thomas B. Bacon, seeks an hourly rate of $350.00 for 39.1 hours performed on the case and an hourly rate of $115.00 for his paralegal's 4.4 hours performed on the case. Doc. No. 13 at 9, 12. In support of the Motion, Mr. Bacon filed an affidavit attesting that the time records and data are accurate. Doc. No. 13-1. Plaintiff seeks costs in the amount of $498.25, and expert fees in the amount of $3,000.00. Doc. No. 13 at 15-16. Plaintiff also seeks a re-inspection fee of $750.00 "for the reinspection contemplated after the Defendant completes the repairs of the existing barriers to access, to confirm that the ADA violations have been corrected." *Id.* at 14.

---

[1] The Motion incorrectly indicates that the Defendant answered the Complaint, the answer was stricken and default was entered. Doc. No. 13 at 2. The Defendant did not answer the Complaint.

[2] A copy of the Motion was sent by U.S. Mail to Osceola Enterprises of Kissimmee, Inc., Super 8 Motel, 1815 W. Vine Street, Kissimmee, Florida 34741.

[3] Plaintiffs do not seek a default judgment pursuant to the FAC. Doc. No. 13. Therefore, the Court will only address the Motion as to the ADA.

## II. THE LAW

### A. Default Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a) (emphasis added). Rule 55 (b)(2) further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
> A) conduct an accounting;
> B) determine the amount of damages;
> C) establish the truth of any allegation by evidence; or
> D) investigate any other matter.

*Id.* The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). [4]

A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citing *Nishimatsu*, 515 F.2d at 1206). A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v.*

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit that were rendered prior to October 1, 1981.

*Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

**B.     The ADA**

Pursuant to 42 U.S.C. § 12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. Section 12182(b)(1)(A)(i) states: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." *Id.*

Section 12188 provides:

> (a)(2) Injunctive relief
> In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, <u>injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter</u>. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter.
>
> . . .
>
> (b)(2) Authority of court
> In a civil action under paragraph (1)(B), the court--
>   (A) may grant any equitable relief that such court considers to be appropriate, including, to the extent required by this subchapter--
>     (i) granting temporary, preliminary, or permanent relief;
>     (ii) providing an auxiliary aid or service, modification of policy, practice, or procedure, or alternative method; and
>     (iii) making facilities readily accessible to and usable by

>     individuals with disabilities;
> (B) may award such other relief as the court considers to be appropriate, including monetary damages to persons aggrieved when requested by the Attorney General . . .

42 U.S.C. §§ 12188(a)(2) (emphasis added); 12188(b)(2).

### C. Attorneys' Fees

Pursuant to the ADA, the Court may award the prevailing party reasonable attorney's fees, including litigation expenses and costs. 42 U.S.C. § 12205. In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Hensley*, 461 U.S. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985). "The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F. 2d at 1299 (emphasis added). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See*

*Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

### D. Costs and Expert Fees

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statute, the federal rules, or a court order provides otherwise. *Id*. In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts <u>necessarily obtained for use in the case</u>;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are <u>necessarily obtained for use in the case</u>;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920 (emphasis added). Costs for "general copying, computerized legal research [and] postage" are not recoverable. *Duckworth*, 97 F.3d at 1399.

"Expert fees, like attorney fees, may be awarded in ADA cases, but only if a court determines that they are reasonable." *Martinez v. Public Storage*, 2010 WL 2219712, *9 (S.D. Fla. Apr. 27, 2010) (citing *Guckenberger v. Boston Univ.*, 8 F. Supp. 2d 91, 111-12 (D. Mass.

1998) (declining to award expert fees for lack of any indication of expert's rate, hours expended, nature of work, tasks performed, date work was completed, or anything other than total charge)).

### III. APPLICATION

#### A. The ADA

"To state a claim under Title III of the ADA, a plaintiff must allege that (1) he is a disabled individual; (2) he was denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns leases (or leases to), or operates a place of public accommodation, and (3) the discrimination was by reason of such disability." *Lucibello v. Collins*, No. 2:05-cv-268-FTM-29SPC, 2005 WL 1882761, *2 (M.D. Fla. Aug. 9, 2005); 42 U.S.C. § 12182(a). The Complaint alleges that Payne is disabled under the ADA and has encountered architectural barriers at the Defendant's property. *Id.* at 1-2. Taking the alleged ADA violations collectively, Plaintiffs have set forth a sufficient factual and legal basis establishing Payne was denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Defendant's property.[5] Moreover, Plaintiffs maintain that the discrimination was due to Payne's disability. *Id.* Accordingly, after careful review of the Complaint and Motion, it is recommended that the Court find Plaintiffs have sufficiently pled and established an ADA violation. The entry of default judgment is warranted and the Defendant should be enjoined from discriminating against individuals with disabilities and ordered to comply with the ADA.

Relying on an unpublished opinion out of the Southern District of New York, *Access 4*

---

[5] The Court notes that several of the alleged ADA violations in the Complaint are conclusory. Doc. No. 1 at 4-5. For instance, Plaintiffs state: "There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG." *Id.* at 4. Plaintiffs do not explain how or why the stairs fail to comply with the prescribed standards. Nevertheless, the majority of the violations set forth in the Complaint are adequately pled with sufficient facts.

*All, Inc. v. Ulster Heights Properties, Inc.*, 1:07-cv-2923 (S.D.N.Y. 2008), Plaintiff also requests that the Court order the subject facilities be closed "until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA." Doc. No. 13 at 16-17; Doc. No. 13-2. *Access 4 All* is not binding on this Court. Furthermore, the Default Final Judgment in *Access 4 All* does not indicate that the subject premises were closed pending compliance with the court's order and the ADA. Doc. No. 13-2. Accordingly, it is recommended that the Motion be denied to the extent it requests that the Defendant premises be closed pending compliance with the ADA.

**B.  Attorney's Fees**

As set forth above, Mr. Bacon seeks an hourly rate of $350.00. Doc. No. 13 at 12. A reasonable hourly rate is based on the prevailing market rate *in the relevant legal community* for similar services by lawyers of reasonably comparable skills, experience and reputation, *Gains*, 775 F.2d at 1571, and Mr. Bacon "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F. 2d at 1299 (emphasis added). Mr. Bacon does not cite a single Middle District of Florida case in support of his requested hourly rate. Instead, he relies on cases out of the Southern District of New York and one district court case from Nevada. Doc. No. 13 at 4-5. Mr. Bacon states he has previously been awarded an hourly rate of $300.00. Doc. No. 13 at 7. Accordingly, it is recommended that the Court award Mr. Bacon an hourly rate of $300.00.

Plaintiff seeks an hourly rate of $115.00 for his paralegal's work performed on the case. Doc. No. 13 at 12. Plaintiff provides no legal authority in support of this request. This Court has found $95.00 to be a reasonable rate for paralegal services. *See, e.g., Mavis Coes v. World Wide*

*Revival, Inc., et al.*, Case No. 6:05-cv-563-Orl-DAB (M.D. Fla. Nov. 7, 2007). Accordingly, it is recommended that the Court award the paralegal an hourly rate of $95.00.

With respect to the time spent on the case, Mr. Bacon states that he spent 39.1 hours of time on the case and his paralegal spent 4.4 hours of time on the case. Doc. No. 13 at 9, 16. Mr. Bacon attaches a time sheet (Doc. No. 13-4) to the Motion. The Court finds several of the time entries problematic. For instance, Mr. Bacon seeks 3.8 hours of work with respect to Mr. Bob Cohen. Doc. No. 13-4. Mr. Cohen is not a party to this case. Rather, he is represented by Mr. Bacon and is the plaintiff in several other ADA cases, one of which is still pending in the Middle District of Florida.[6] Accordingly, Mr. Bacon's time should be reduced by 3.8 hours. To that same end, Mr. Bacon seeks compensation for 3.1 hours relating to "clients" or "plaintiffs", which is ambiguous considering Mr. Bacon is seeking time spent with respect to Mr. Cohen.[7] Thus, it is recommended that Mr. Bacon's time be reduced by an additional 3.1 hours. Mr. Bacon seeks 0.4 hours for each of the following entries: 1) review the interested persons order and attachments; 2) review related persons order and attachments; 3) review track 2 designation and attachments; 4) prepared notice of pendency; and 5) prepared certificate of interested persons and corporate disclosure, for a total of 2 hours. Doc. No. 13-4 at 2. Each of these entries is a routine filing that should not have consumed more than 0.2 hours of counsel's time. Therefore, it is recommended that Mr. Bacon's time be reduced by one hour as to those entries. Finally, Mr. Bacon maintains that he spent a total of 7.7 hours drafting and editing the Motion. Doc. No. 13-4

---

[6] *See Access for the Disabled, Inc. et al v. Musca Properties, LLC*, No. 2:08-cv-726-SPC; *Access for the Disabled, Inc. et al v. Creative Restaurant Management Co.*, No. 2:08-cv-784-JES-SPC; *Access for the Disabled, Inc. et al v. Creative Restaurant Management Co.*, No. 2:09-cv-564-CEH-DNF.

[7] These time entries include 0.3 hours of time drafting "[c]orrespondence to *clients* re case and requesting authorization to proceed"; 1.8 hours "[r]eview[ing] cases filed by *plaintiffs* and preparation for answer re cases; 0.4 hours working on correspondence "to *clients* with interrogatories"; and 0.6 hours for a "call with individual *client* re status". Doc. No. 13-4 (emphasis added).

at 4. The memorandum of law in the Motion with respect to the default judgment is less than two pages. Doc. No. 13. The remaining thirteen pages relate to the Plaintiffs' request for attorneys' fees, costs, expert fees and re-inspection fees. In *Harty v. Kimco Lakeland 123, Inc.*, No. 8:09-cv-2597-JSM-TGW, (M.D. Fla. Apr. 28, 2010), Mr. Bacon filed a substantially similar, if not identical, motion for attorneys' fees, costs, expert fees and re-inspection fees. *Harty*, No. 8:09-cv-2597-JSM-TGW, Doc. No. 14. Thus, the Court is perplexed as to the length of time Mr. Bacon purportedly spent on the drafting and editing of the Motion. It is therefore recommended that Mr. Bacon's time spent on the Motion be reduced by 5.7 hours, to a total of 2 hours. In sum, it is recommended that the Court reduce Mr. Bacon's time spent on the case by 13.6 hours, to a total of 25.5 hours (39.1 − 13.6 = 25.5). Accordingly, it is recommended that the Court award Mr. Bacon attorney's fees in the amount of $7,650.00 (25.5 x $300.00 = $7,650.00).

After reviewing the paralegal's time spent on the case, it is recommended that the Court find her time to be reasonable. Accordingly, it is recommended that the paralegal be awarded $418.00 (4.4 x $95.00 = $418.00). Pursuant to the undersigned's recommendation, the total award of attorney's should be $8,068.00 ($7,650.00 + $418.00 = $8,068.00).

### C. Costs, Expert and Re-Inspection Fees

Plaintiff seeks costs in the amount of $498.25 for the filing fee ($350.00), costs of service of process ($95.00), copies and postage ($28.25), and Accurint database searches ($25.00). Doc. No. 13-4.[8] The filing fee, costs of service of process, and necessary copies and postage are allowable under the statutes to the extent reasonable. *See* 28 U.S.C. § 1920; *Duckworth*, 97 F.3d at 1399. Plaintiff's attached time sheet reveals that the copies and postage were necessary as they were either for the client or the Court. Doc. No. 13-4 at 6. However, the costs of Accurint

---
[8] Accurint® Enterprise Solution is a database used for investigative purposes.

database searches are not allowable under Section 1920. *See Reliable Salvage and Towing, Inc. v. Gunter*, 2007 WL 4557143, *2 (M.D. Fla. Nov. 20, 2008). Accordingly, it is recommended that the Plaintiff be awarded costs in the amount of $473.25 ($498.25 – $25.00).

Plaintiff seeks expert fees in the amount of $3,000.00. Doc. No. 13 at 15-16. Attached to the Motion is the description of services rendered by Plaintiff's expert for a total of 15 hours of work performed at an hourly rate of $200.00. Doc. No. 13-8. The description of services includes the following:

1. Phone conversation & conferences with client re: property.    1.0 hour
2. Travel to and from location to perform ADA inspection.    2.0 hours
3. Preliminary on site verification of ADAAG violations.    2.0 hours
4. Analyze, record and print photographs depicting violations.    2.5 hours
5. Collaboration and verification of ADA violations, reviewed photographs.    2.5 hours
6. Preliminary online research concerning property.    1.5 hours
7. Research in conjunction with ADA violations and preparation of initial report outlining ADA violations    2.5 hours
8. Phone conversations with Plaintiff's counsel    1.0 hour

Doc. No. 13-8. Entries 4, 5, 6 and 7 appear to be cumulative and excessive in the amount of time spent on the tasks. Therefore, it is recommended that Plaintiff's expert's time be reduced by a total of 5 hours. Accordingly, it is recommended that the Court award Plaintiff's expert $2,000.00 (10 x $200.00 = $2,000.00) in expert fees.

Plaintiff seeks a re-inspection fee of $750.00. Doc. No. 13 at 14. In support, Plaintiff cites to four unpublished Florida district court cases and several cases outside the Eleventh Circuit. *Id.* at 14-15. In *Access for America, Inc. v. Oakwood Center, L.C.*, No. 8:02-cv-464-T-30MSS (M.D. Fla. Jul. 22, 2003) and *Access for America, Inc. v. Business Consultants Int'l Corp.*, No. 1:02-cv-21482-STB (S.D. Fla. Jan. 30, 2003), the court allowed a $250.00 re-inspection fee. *Access for America*, No. 8:02-cv-464-T-30MSS, Doc. No. 38; *Access for*

*America,* No. 0:02-cv-60605-JAL, Doc. Nos. 29, 33. In *Access for America, Inc. v. Fram Fed Four, Inc.*, No. 0:02-cv-60605-JAL (S.D. Fla. Jul. 15, 2003), the court only awarded a $150.00 re-inspection fee. *Access for America,* No. 0:02-cv-60605-JAL, Doc. No. 44. In the fourth Florida district court case cited by Plaintiff, *Access 4 All, Inc. v. Safari Investments, Inc.*, No. 1:01-cv-04795-AJ (Apr. 24, 2002), the federal magistrate judge recommended that a $350.00 re-inspection fee be awarded. *Access 4 All,* No. 1:01-cv-04795-AJ, Doc. No. 27. As the cases illustrate, the re-inspection fee requested by Plaintiff is excessive compared to that allowed in the cases she relies on. A sufficient re-inspection should not exceed 1.25 hours. Accordingly, at an hourly rate of $200.00, it is recommended that the Court award a re-inspection fee of $250.00 (1.25 x $200.00 = $250.00).

IV. **CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that:

1. Plaintiffs' Motion for Default Final Judgment [Doc. No. 13] be **GRANTED in part** and **DENIED in part**;

2. The Clerk be directed to enter judgment against Defendant and Defendant be enjoined from discriminating against individuals with disabilities;

3. The Defendant be ordered to comply with all sections of the ADA and the FAC by altering the facilities to make them readily accessible to and usable by individuals with disabilities;

4. The Motion be **DENIED** to the extent it requests that the Court close the subject facilities until completion of all alterations;

5. The Plaintiff be awarded attorney's fees in the amount of $8,068.00; and

6. The Plaintiff be awarded costs in the amount of $473.25; expert fees in the amount of $2,000.00; and a re-inspection fee of $250.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 1, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Gregory A. Presnell
Counsel of Record
Unrepresented Party