**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ACCESS FOR THE DISABLED, INC., and
DENISE PAYNE,

                **Plaintiffs,**

-vs-                                              Case No. 6:09-cv-1805-Orl-31GJK

OSCEOLA ENTERPRISES OF
KISSIMMEE, INC.,

                **Defendant.**

## ORDER

      This matter came before the Court without oral argument upon consideration of Plaintiffs', Access for the Disabled, Inc. and Denise Payne ("Plaintiffs"), Motion for Default Judgment (the "Motion") (Doc. 13) and U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation regarding same (Doc. 15).

      On October 23, 2009, Plaintiffs brought suit alleging that Osceloa Enterprises of Kissimmee, Inc. ("Defendant") is in violation of Title III of the Americans with Disabilities Act[1] because it owns and operates a Super 8 hotel which contains certain architectural barriers that preclude disabled individuals from fully accessing and enjoying same. (Doc. 1). Defendant failed to appear and the Clerk of the Court entered a default. (Doc. 10). Thereafter, Plaintiffs moved for entry of a default judgment. (Doc. 13).

      In his Report and Recommendation, Judge Kelly recommends that the Court grant the Plaintiff's Motion in part and, *inter alia*:

---

[1] *See* 42 U.S.C. § 12181 *et seq*. [hereinafter, the "ADA"].

- Enjoin Defendant "from discriminating against individuals with disabilities;"

- Order Defendant to "comply with all sections of the ADA . . . by altering the facilities to make them readily accessible to and usable by individuals with disabilities;" and

- Award Plaintiffs attorneys' fees and costs totaling more than $10,000.

(Doc. 15 at 14-15).[2]

Upon review, the Court declines to adopt the Report and Recommendation.

As a threshold matter, the Complaint fails to adequately allege that Denise Payne (or any other member of Access for the Disabled, Inc. who has actually visited Defendant's Hotel) is disabled. Other than a conclusory allegation that Payne "qualifies as an individual with disabilities as defined by the ADA," (Doc. 1, ¶ 5), the nature and extent of Payne's disability is unknown. It is therefore unclear whether Plaintiffs have standing to challenge all of the putative violations identified in Paragraph 10 of the Complaint. Plaintiffs may only challenge those barriers that reasonably relate to their particular disabilities[3] and for which removal is readily achievable.[4]

In addition to standing, neither the Complaint nor the Report and Recommendation provides the requisite detail required for an injunction. Pursuant to Rule 65, every injunction must

---

[2] Judge Kelly also recommended, however, that the Court deny Plaintiffs' request to close Defendant's hotel. (Doc. 15 at 14).

[3] There may be no Article III standing where a plaintiff challenges barriers not specifically related to his or her disability. *See*, *e.g.*, *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 n. 7 (9th Cir. 2008) ("Of course, Doran is not among the class of persons injured by ADA violations in the 7-Eleven store that do not relate to Doran's particular disability – that he must use a wheelchair for mobility. For that reason, Doran cannot challenge *all* of the ADA violations in the 7-Eleven Store. For example, Doran does not have standing to challenge those barriers that would burden or restrict access for a person who is blind. Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store") (citations omitted).

[4] *See* 42 U.S.C. § 12182(b)(2)(A)(iv); *see also*, *e.g.*, *Ault v. Walt Disney World Co.*, Case No. 6:07-CV-1785, 2009 WL 3242028, at *7 (M.D. Fla. Oct. 6, 2009) (discussing prudential standing limitations of the ADA in the context of Section 12182(b)(2)(A)(ii)).

"state its terms specifically" and "describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required."  FED. R. CIV. P. 65.[5] Accordingly, this Court simply cannot enjoin a party "from discriminating against individuals with disabilities" and order compliance with "all sections" of the ADA.[6]  To be entitled to injunctive relief, Plaintiffs must, at a minimum, specifically identify each architectural barrier that they contend violates the ADA (or its relevant implementing regulations) and offer some evidence as to why the removal of same is readily achievable and beneficial to Plaintiffs.

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Court **DECLINES** to adopt the Report and Recommendation (Doc. 15);

2. Plaintiffs' Motion (Doc. 13) is **DENIED** without prejudice; and

3. By no later than **Friday, August 13, 2010**, Plaintiffs may file an amended motion that, *inter alia*, adequately addresses the nature and extent of Denise Payne's disability and specifically identifies those architectural barriers at Defendant's hotel which are reasonably related thereto, and the specific remedial measures proposed.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 22, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE**

---

[5] Rule 65 also provides that an injunction only binds those who "receive actual notice of it by personal service or otherwise. . . ."  FED. R. CIV. P. 65(2).  Plaintiffs' Motion fails to address how Defendant will receive actual notice of the injunction.

[6] To the extent a District Court in the Southern District of New York appears to have reached a contrary result by issuing a general injunction, *see Access 4 All, Inc. v. Ulster Heights Props., Inc.*, Case No. 07-CV-2923, 2009 WL 256008 (S.D.N.Y. Feb. 2, 2009), this Court expressly declines to follow that opinion.